John J. Tauro, Plaintiff                                              No. 15-1136


      v.                                                                    United States District Judge

                                                  Hon. Joy Flowers Conti

                                        United States Magistrate Judge

.                                                                                             Hon. Maureen P. Kelly

Capital One Financial Corp.; Capital One NA;

Capital One Bank ( USA) NA


PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

1. Defendant's amended answer is essentially the same as the first filed answer. Capital One Financial purchased a number of accounts from HSBC; including plaintiff's so-called account which had been settled in full many years before.

2. There were at least eight prior sales to different debt buying entities before the Capital One Financial purchase; each agreement precluded accounts which had been settled- Capital One Financial had no such language in their purchase agreement. Said purchase agreement did exclude any accounts which were covered by the SCRA; however Capital One Financial purchased these accounts; and began collecting on them. Subsequently, Capital One Financial and the banking entities signed a consent order with the CFPB; and paid a hefty fine- for actions which were precluded by their own agreement.

3. At paragraph 28 of the amended answer Capital One Financial attributes the damages to some unnamed third parties; however there are only three parties to this matter: Capital One Financial; Capital One NA; and Capital One Bank  (USA) NA. There are no other parties' either named or unnamed who could possibly be responsible for the violations.

4. Plaintiff has never claimed that Capital One Financial was reporting to any credit reporting agency; but that the purchase of a so-called account; which did not exist at the time of purchase; was the prime factor in causing the violations alleged.

5. The affirmative defenses; which have been addressed at least two other times; and are of the record; are without merit; and should be disregarded by this Court.

CAPITAL ONE BANK (USA) NA

6. Although Defendant's preamble correctly names the defendant Capital One Bank (USA) NA; the remainder of the document names a Capital One USA as the defendant; and presents answers and defenses as to an entity which does not exist.

7. In paragraph three; the answer states that Capital One (USA) admits that it received a dispute from Experian. In fact, Capital One NA reported to Experian; and after having denied that Capital One NA was in any way involved; defendants, Capital One NA have admitted that they reported to Experian; and received a dispute as stated in the factual allegations of the amended complaint.

8. In paragraph six of the same document; defendants admit that they received plaintiff's dispute from Trans Union. However, Capital One Bank (USA) NA reports to Trans Union. Capital One Bank (USA) NA have admitted that they reported to Trans Union; and received a dispute, as stated in the factual allegations of the amended complaint.

9. In paragraph seven; defendant claim to have "conducted a reasonable investigation"; but have never reported any such investigation to any credit reporting agency; and have never provided a copy of said "investigation" to any credit reporting agency; the plaintiff; or the CFPB.

10. In paragraph twelve, defendant admits that it acquired plaintiff's account from HSBC; when, in fact there was no account to acquire.

11. In paragraph twenty-eight defendants claim that plaintiff cannot assert a claim under 15USC s2A. This is true; and plaintiff has not asserted any such claim. Defendants further claim that plaintiff cannot assert a claim under 15 USC 1681 S2b. This is false; and is the exact statute, under which plaintiff's claims arise.

12. In the wherefore clause, defendants ask this Court to enter judgment in favor of Capital One (USA), an entity which does not exist.

CAPITAL ONE NA

13. In paragraph 13 defendants argue that any reporting was done by Capital One Bank (USA)NA, and <u>not</u> by Capital One NA; this after admitting that Capital One NA in fact reported to Experian ( (See para.7)

14. Plaintiff has only plead, and stated a claim, under 15 USC 1681 S2b; and not S2a. Defendants are misleading this Court to suggest otherwise.

Wherefore: Plaintiff moves the Court to effect the following:

1. Disregard the unsupported claims in the amended answer.

2. Take judicial notice of the admissions in paragraphs seven and eight

Respectfully Submitted,
/s/John J. Tauro