IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

John J. Tauro, Plaintiff                                                                 No. 15- 1136

      v.                                                                                        United States District Judge
                                                                                Hon. Joy Flowers Conti

                                                                                United States Magistrate Judge
                                                                                Hon. Maureen P. Kelly

Capital One Financial Corp.

Capital One Bank NA (USA)

Capital One NA, Defendants

                    BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. On an annual basis, HSBC securitized all of its credit card receivables into a trust. The real parties of interest in any collection activity are the investors in the trust. See Exhibit "A"

2. At the time of sale to Capital One Financial, HSBC was not a real party of interest; and had no authority to sell accounts, defaulted or otherwise; to Capital One Financial.

3. Plaintiff's account had been settled in full with HSBC several years prior to the Capital One Financial purchase- there was no account to purchase; and HSBC securitized its credit card accounts- only the investors in the trust; or their representative; had standing to move to collect on any accounts which were part of the trust.

4. Prior to the Capital One Financial purchase; there were at least eight sales of defaulted accounts to other debt buying entities. Each of the said prior sales contracts contained language which precluded the purchase of settled accounts- none of these debt buyers bought plaintiff's so called account. The Capital One Financial contract contained no such language; and Capital One claims

that they bought plaintiff's account (which did not exist) but would not attempt to collect on it, because it was settled in full.

5. None of these prior sales were legitimate, in that HSBC had no standing to sell anything- the alleged accounts were owned by the investors of the respective trusts.

6. The issue in this case is that Capital One banking entities began reporting to credit reporting agencies; an account which did not exist; in fact; or as an asset of HSBC; and failed to conduct any investigation into the circumstances surrounding the alleged account.

7. Plaintiff found the HSBC securitization information in less than five minutes, on the Securities and Exchange Commission web site; and within fifteen minutes, the Capital One Executive Resolution Team found the " settled in full" notation in the notes. For a total of twenty minutes Capital One could have; and should have known that they did not but any accounts from HSBC; and particularly, that plaintiff's so-called account which had been settled in full.

8. None of the defendants conducted any investigation into the circumstances of plaintiff's disputes. And, while Capital One Financial did not report to any credit reporting agency; they had an obligation to participate in any investigation mandated by the statute; since they were the initiating entity that transferred plaintiff's so-called account to its subsidiaries.

9. Despite defendant's claims, their answers to discovery belie the actual facts of the case.

10. Defendants claim that" it did not purchase plaintiff's account; but assigned the right to purchase to its subsidiaries." It would be nonsensical to accept that Capital One Financial could assign that which they did not own; or that which they did not contract for, to anyone. See Exhibit "B1"

11. Capital One Bank NA (USA) admits that it received a dispute from Experian- despite the fact that it did not report to Experian- it reported to Transunion. The only entity which could have received a dispute from Experian is Capital One NA. See Exhibit "B2"

12. Capitan One Financial then states, in interrogatories, that *it* entered into a purchase agreement with HSBC; and assigned the right to purchase HSBC's credit card portfolio to its subsidiaries. This response makes no mention of the securitization of the credit card accounts; no mention of the trust; and no mention explaining how the accounts were valued; how the accounts were transferred; and more importantly, how they purchased accounts which were owned by others;

and how they began reporting to CRAs; as well as filing collection suits on accounts they did not own; or control. See Exhibit "B3"

13. The Third Circuit in Seamans v Temple; has held that the "furnisher must report fully and accurately. Exhibit "C1"; holds that reasonableness of a CRAs procedures applies to furnishers Exhibit "C2" ; defines a reasonable procedure as " what a reasonably prudent person would undertake under the circumstances- Exhibit "C3"; that technically correct information can be misleading, if through omission, it creates a materially misleading impression; which could be expected to have an adverse effect. Exhibit " C4"

14. Exhibit "D" is the cover and signature pages of the purchase agreement. The signatories of the purchase agreement are: Capital One Financial Corp.; HSBC Financial Corp.; HSBC USA Inc.; and HSBC TECHNOLOGY AND SERVICES (USA) INC

15. Exhibits "E" and "F" are CFPB Bulletins advising furnishers of information of their responsibilities under the FCRA.

16. The banking entities purchased the assets of HSBC Bank, Nevada, NA, a wholly separate banking entity; and not part of the agreement signed by the HSBC entities named in the purchase agreement. Exhibit "G"

## CONCLUSION

17. Defendants performed no investigation of plaintiff's disputes.

18. Defendants, Capital One entities have securitized their own accounts; and knew, or should have known; that HSBC securitized their accounts. And that the accounts were owned by the investors in the trust.

19. Further, plaintiff's account had been settled in full several years prior to the Capital One purchase; and simply did not exist at the time of the so-called purchase. Plaintiff argues that even if there was an account; it would have been owned by the investors in the trust; and not by HSBC.

20. Defendants knew, or should have known; that statute mandates the reporting of the date of default.

Respectfully Submitted,

/s/ John J. Tauro