**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN J. TAURO, | |
| Plaintiff, | Civil Action No. 15-1136 |
| | Hon. Joy Flowers Conti |
| vs. | United States District Judge |
| CAPITAL ONE FINANCIAL CORP.; | Hon. Maureen P. Kelly |
| CAPITAL ONE NA; CAPITAL ONE | United States Magistrate Judge |
| BANK NA (USA) | |
| Defendants. | |

## <u>DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT</u>

Defendants Capital One Financial Corp. ("Capital One Financial"), Capital One, N.A.

("CONA"), and Capital One Bank (USA), N.A. ("Capital One Bank")[1] (collectively "Capital

One"), by and through their undersigned counsel, file this Brief in Opposition to Plaintiff's

Motion for Summary Judgment and state as follows:

## INTRODUCTION

Plaintiff John J. Tauro ("Plaintiff") filed a four-count complaint against Defendants under

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., alleging that Defendants

failed to conduct a reasonable investigation of Plaintiff's dispute of an account on his credit

reports, and failed to furnish correct and accurate information or the date of default to consumer

reporting agencies ("CRAs").

Plaintiff has moved for summary judgment, relying on his new theory that HSBC did not

have standing to sell his account to Capital One, because it securitized all of its credit card

receivables into a trust.  Securitization of account receivables, however, has no effect on a card

issuer's ownership interest in the account.  Moreover, Plaintiff has failed to offer evidentiary

---

[1] Capital One Bank (USA), N.A. is improperly captioned as Capital One Bank NA (USA).

proof to support the elements of his claims.  Instead, the evidence that has been properly presented to the Court demonstrates that Plaintiff cannot prevail on any of his various theories to support his motion.  Accordingly, Plaintiff is not entitled to summary judgment and his motion should be denied.

## FACTUAL BACKGROUND

Defendants incorporate by reference, as though set forth herein, the Factual Background presented in their Brief in Support of their Motion for Summary Judgment (ECF No. 46).

## LEGAL STANDARD

Summary judgment should only be granted when no genuine dispute exists as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "[T]he burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In doing so, the party seeking summary judgment must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotations omitted).

Where, as here, the moving party bears the burden of proof on the claims, "the standard is more stringent."  *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992).  In these instances, the moving party "must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the non-moving party."  *A. Natterman & Cie GmbH v. Bayer Corp.*, 428 F. Supp. 2d 253, 257 (E.D. Pa. 2006) (citing *In re Bressman*, 327 F.3d 229, 237-38 (3d Cir. 2003)).  The Third Circuit has held that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a

genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." *National State Bank*, 979 F.2d at 1582 (citing *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir.1992)).

## ARGUMENT

Plaintiff has not met his burden of establishing his entitlement to summary judgment. Rather than setting forth evidence to support the elements of his claims, Plaintiff's ever-shifting claim now focuses on a "securitization" theory to argue that Capital One did not own his account because HSBC securitized its receivables and, therefore, could not sell the account to Capital One. This theory, however, has been squarely rejected by the Third Circuit and cannot support Plaintiff's motion. Moreover, Plaintiff's continued reliance on speculative and unsupported allegations, rather than evidence in the record, is insufficient as it does not show the absence of a genuine issue of material fact, as required for a grant of summary judgment. Accordingly, Plaintiff's motion should be denied.

## A.     Plaintiff Has Failed To Cite Any Record Evidence To Support His Motion.

At the outset, Plaintiff's motion must fail as he does not put forth any evidentiary support that would entitle him to summary judgment. Indeed, Plaintiff has failed to cite any evidence in the record to support any of the facts in his Concise Statement of Material Facts (ECF No. 37-3) in violation of Local Rule 56.B.1. The party seeking summary judgment must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

Here, Plaintiff fails to cite record evidence to support his motion. Accordingly, the Court should disregard the statements made in Plaintiff's Concise Statement of Material Facts. *Harris*

*v. Astellas Pharmaceuticals*, No. 13–1663, 2015 WL 5638023, at *1 (W.D. Pa. Sept. 24, 2015) ("[A]verments of fact … which cite no record evidence in support will, likewise, be disregarded."); *Benckini v. Hawk*, No. 07-3580, 2009 WL 1078138, at *2 (E.D. Pa., Apr. 21, 2009) ("The Court disregards those factual allegations that either party makes without any evidentiary support from the record.").[2]  Because Plaintiff has failed to meet his evidentiary burden, his motion for summary judgment must be denied.

**B.     Plaintiff's "Securitization" Theory Fails Because the Securitization of Account Receivables Does Not Divest a Credit Card Issuer of Ownership.**

While Plaintiff has changed his theory of liability throughout the course of this lawsuit, he appears to base his motion for summary judgment solely on his new "securitization" theory. In particular, Plaintiff contends, without citing any supporting authority, that because HSBC securitized its credit card receivables, HSBC did not have standing to sell his account to Capital One, and therefore any reporting of his account by Capital One was in violation of the FCRA. Plaintiff's argument fails, however, as the Third Circuit has already rejected this argument.  *Scott v. Bank of America*, 580 Fed. Appx. 56 (3d Cir. 2014).

In *Scott*, the plaintiff argued that a credit card issuer could not sell his charged-off credit card account because the issuer lost any interest in the account when it securitized the receivables.  *Id.* at 57.  The Third Circuit disagreed, and found that "[c]redit card securitization involves the securitization solely of the receivables, ***not of the accounts themselves***."  *Id.* (emphasis added).  Accordingly, "even after securitization the card issuer retains an ownership

---

[2] Plaintiff also attaches a declaration (ECF No. 43-3), which includes statements regarding CONA and Capital One Bank that are not supported by his personal knowledge as required under Federal Rule of Civil Procedure 56(c)(4). While it is not clear how the declaration supports Plaintiff's motion or any of his claims, the Court should disregard the declaration as improper under Rule 56(c)(4).  *See Davis v. Solid Waste Services, Inc.*, 20 F. Supp. 3d 519, 530 (E.D. Pa. 2014).

interest in the account."[3]  *Id.*  Consequently, it is irrelevant—and, thus, *immaterial*—whether HSBC securitized its account receivables, as HSBC still retained its ownership of Plaintiff's account and could sell the account to Capital One.  As such, Plaintiff cannot rely on his "securitization" theory to prevail on summary judgment.

Further, the record shows that Capital One Bank properly acquired Plaintiff's settled account from HSBC.  In 2011, Capital One Financial entered into a Purchase and Assumption Agreement with HSBC to purchase its ***entire*** domestic credit card business.  (Defendants' Statement of Facts ("Defs' SOF"), ECF No. 47, ¶ 10).  The purchase of HSBC's business unit was not simply a purchase of accounts—Capital One acquired the credit card assets, premises, personnel, software, trademarks and patents of HSBC's domestic credit card business.  (Defs' SOF ¶ 11).  As part of this transaction, Capital One Financial assigned its rights to acquire certain assets from HSBC to CONA or Capital One Bank.  (Defs' SOF ¶ 12).  Pursuant to this assignment, Capital One Bank acquired HSBC's Platinum MasterCard Accounts, which included Plaintiff's settled account, in May 2012.  (Defs' SOF ¶ 13).  Capital One Bank then began to accurately report Plaintiff's account to Experian and TransUnion as "settled."[4]  (Defs' SOF ¶¶ 15, 16).

In sum, Capital One Bank, the only Capital One entity to report on Plaintiff's account, (Defs' SOF ¶ 17), properly acquired the account.  As a result, Plaintiff cannot prevail on his motion for summary judgment on his "securitization" theory.

---

[3] In doing so, the Court noted that all other courts to consider this issue are "in agreement that [securitization] does not divest the issuer of its ownership interest in the credit card accounts." *Id.* (citing *Tostado v. Citibank (South Dakota), N.A.*, No. 09-CV-549, 2010 WL 55976, at *3 (W.D. Tex. Jan 4, 2010); *Shade v. Bank of America*, No. 2:08-cv-1069, 2009 WL 519816, at *4 (E.D. Cal. Dec. 23, 2009)).

[4] Plaintiff suggests that there was no account to purchase because his account had been settled. Plaintiff, however, has failed to provide any authority for the notion that a company cannot sell settled accounts.  Indeed, credit reporting under the FCRA can continue on an account (whether closed or settled) for up to seven years after delinquency. 15 U.S.C. § 1681c(a)(4)(c)(1).

**C.  Plaintiff Is Not Entitled to Summary Judgment Because the Evidence Does Not Support His Claims.**

Beyond his challenge to Capital One Bank's ownership of his account, Plaintiff does not put forth any other basis or evidentiary support for his entitlement to summary judgment.  To the extent Plaintiff is relying on any of his previous theories to support his motion, however, Plaintiff's motion fails for the same reasons stated in Defendants' Brief in Support of its Motion for Summary Judgment (ECF No. 46) ("Defs' Br. in Supp."), which is incorporated by reference as though set forth herein.  In particular, Plaintiff's claims fail because (1) neither Capital One Financial nor CONA *furnished* information on Plaintiff's account (Defs' Br. in Supp., 5-6); (2) the FCRA does not provide a private cause of action for the conduct alleged in Counts II, III, and IV (*id.* at 6-8); and (3) Plaintiff has failed to offer any evidence to challenge Capital One Bank's investigation of his disputes (*id.* at 8-12).

Simply put, Plaintiff's unsupported allegations cannot establish the absence of a genuine issue of *material* fact to entitle him to summary judgment.  *Celotex*, 477 U.S. at 323 (a moving party must "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").  Plaintiff's continued reliance on *immaterial* and unsupported facts is plainly insufficient.  Neither the law nor the facts entitle Plaintiff to any relief under the FCRA.  Therefore, Plaintiff is not entitled to summary judgment on any of his claims and his motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order denying Plaintiff's motion for summary judgment.

Dated: May 27, 2016                    Respectfully submitted,

/s/ Laura A. Lange
Laura A. Lange
Pa. Id. No. 310733
Shawna J. English
PA Id. No. 316881
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222
(412) 667-6000
(412) 667-6050 (fax)
llange@mcguirewoods.com
senglish@mcguirewoods.com

*Attorneys for Defendants Capital One
Financial Corp., Capital One (USA),
N.A.; Capital One NA; Capital One
Bank (USA) NA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this 27th day of May 2016 by the Court's CM/ECF Notification System upon the following:

> John J. Tauro, pro se
> 2 Columbia Avenue #10
> Pittsburgh, PA 15229
> jontaur81@gmail.com

/s/ Laura Lange