# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. TAURO,<br><br>               Plaintiff,<br><br>vs.<br><br>CAPITAL ONE FINANCIAL CORP.;<br>CAPITAL ONE NA; CAPITAL ONE<br>BANK NA (USA)<br>               Defendants. | Civil Action No. 15-1136<br><br>Hon. Joy Flowers Conti<br>United States District Judge<br><br>Hon. Maureen P. Kelly<br>United States Magistrate Judge |

**DEFENDANTS' REPLY TO THE FACTS CONTAINED IN PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Capital One Financial Corp. ("Capital One Financial"), Capital One, N.A. ("CONA"), and Capital One Bank (USA), N.A. ("Capital One Bank")[1] (collectively "Capital One"), by and through their undersigned counsel, file this Reply to Plaintiffs' purported "Undisputed Facts of This Case" contained in Plaintiff's Opposition Brief (Defs' Opp. Br., ECF No. 50, at 4), pursuant to Local Rule 56.C.1, and state as follows:[2]

14. That HSBC did not own any of the accounts it allegedly sold to Capital One Financial.

**RESPONSE:** Denied. Securitization of a credit card's account receivables does not divest a card issuer of ownership, *Scott v. Bank of America*, 580 Fed. Appx. 56, 57 (3d Cir. 2014), and Capital One Bank properly acquired Plaintiff's account from HSBC. (Exhibit 2, Smith Decl., ¶¶ 9-11, 13-14).

---

[1] Capital One Bank (USA), N.A. is improperly captioned as Capital One Bank NA (USA).

[2] As set forth more fully in Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 51), Defendants object to Plaintiff's additional facts to the extent that Plaintiff has failed to cite any evidence in the record to support such fact in violation of Local Rule 56.B.1. *Harris v. Astellas Pharmaceuticals*, No. 13–1663, 2015 WL 5638023, at *1 (W.D. Pa. Sept. 24, 2015) ("[A]verments of fact … which cite no record evidence in support will, likewise, be disregarded.").

15. That both Capital One NA and Capital One Bank, NA (USA) each reported ownership of a non-existent account.

**RESPONSE:** Denied. Capital One Bank is the only Capital One entity that reported information on the Account to Experian and TransUnion. Neither Capital One Financial, CONA, nor any other Capital One entity reported information on the Account to any consumer reporting agencies ("CRAs"). (Exhibit 2, Smith Decl., ¶ 21; Exhibit 5, Account Details, CO00020).

16. That the deletion date is represented by three different dates, each months apart.

**RESPONSE:** Capital One denies that this alleged fact is material. It is admitted only that a representative of the Capital One Resolution Team incorrectly identified July 2015 as the time period when the account would fall off the credit reports in response to an inquiry from the CFPB. This alleged fact is immaterial because credit reporting under the FCRA can continue on an account (whether closed or settled) for up to seven years after delinquency, 15 U.S.C. § 1681c(a)(4)(c)(1), and Plaintiff's account went into default in January 2009. (Exhibit 2, Smith Decl., ¶ 18; Exhibit 4, 1/12/09 through 7/12/09 HSBC Account Statements).

17. That the mandated the date of default is not listed on any credit reports.

**RESPONSE:** Denied. Capital One also states that this alleged fact is immaterial and unsupported. Capital One Bank, the only Capital One entity that reported information on Plaintiff's Account, (Exhibit 2, Smith Decl., ¶ 21; Exhibit 5, Account Details, CO00020), reported the date of delinquency to TransUnion and Experian. (Exhibit 2, Smith Decl., ¶ 22; Exhibit 8, ACDVs).

18. That each Capital One Banking entity reports monthly to credit reporting agencies; and has never reported the mandatory date of default.

**RESPONSE:** Denied. Capital One also states that this alleged fact is immaterial and unsupported. Capital One Bank, the only Capital One entity that reported information on

Plaintiff's Account, (Exhibit 2, Smith Decl., ¶ 21; Exhibit 5, Account Details, CO00020), reported the date of delinquency to TransUnion and Experian. (Exhibit 2, Smith Decl., ¶ 22; Exhibit 8, ACDVs).

19. That the mandated procedures are either non-existent; or are not followed.

**RESPONSE:** Denied. Upon receipt of each of the Automated Credit Dispute Verification ("ACDV") forms, Capital One Bank followed its typical procedure and compared its internal data on Tauro's Account with the data being reported by TransUnion and Experian. (Exhibit 2, Smith Decl., ¶ 29; Exhibit 8, ACDVs). Capital One Bank's investigations into the disputes revealed that the TransUnion and Experian were accurately reporting the Account. (Exhibit 2, Smith Decl., ¶ 30; Exhibit 8, ACDVs).

20. The definitions clause in the FCRA specifically excludes credit cards as an account. The numerous references to an account, in the defendant's pleadings cannot mean any credit card.

**RESPONSE:** Denied. This alleged fact refers to the definitions clause in the FCRA, which speaks for itself. This alleged fact also contains improper argument.

21. That Capital One Financial is the moving force behind these violations. Financial purchased Plaintiff's so called account; and then transferred it to the banking entities. Financial did no due diligence prior to the "purchase"; and did not participate in any investigation of Plaintiff's disputes.

**RESPONSE:** Denied. Capital One Financial entered into a Purchase and Assumption Agreement with HSBC in 2011 to purchase HSBC's entire domestic credit card business. (Exhibit 2, Smith Decl., ¶ 9). As part of this transaction, Capital One Financial assigned its right to acquire certain assets from HSBC to CONA or Capital One Bank. (Exhibit 2, Smith Decl., ¶ 10). On May 1, 2012, Capital One Bank acquired, inter alia, HSBC branded card products, including HSBC Platinum MasterCard accounts, such as Plaintiff's account. (Exhibit 2, Smith Decl., ¶ 11). Through this transaction, Capital One Bank acquired Plaintiff's account. (Exhibit 2,

Smith Decl., ¶¶ 11, 13-14). Capital One Bank is the only Capital One entity that reported information on the Account to Experian and TransUnion. Neither Capital One Financial, CONA, nor any other Capital One entity reported information on the Account to any consumer reporting agencies ("CRAs"). (Exhibit 2, Smith Decl., ¶ 21; Exhibit 5, Account Details, CO00020).

Dated: June 6, 2016

Respectfully submitted,

/s/ Laura A. Lange
Laura A. Lange
Pa. Id. No. 310733
Shawna J. English
PA Id. No. 316881
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, Pennsylvania 15222
(412) 667-6000
(412) 667-6050 (fax)
llange@mcguirewoods.com
senglish@mcguirewoods.com

*Attorneys for Defendants Capital One Financial Corp., Capital One (USA), N.A.; Capital One NA; Capital One Bank (USA) NA*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this 6th day of June 2016 by the Court's CM/ECF Notification System upon the following:

>John J. Tauro, pro se
>2 Columbia Avenue #10
>Pittsburgh, PA 15229
>jontaur81@gmail.com

                                    /s/ Laura Lange