IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

John J. Tauro, Plaintiff                                                                 No. 15- 1136

    v.

                                                  United States District Judge

                                                  Hon. Joy Flowers Conti

                                                  United States Magistrate Judge

                                                  Hon. Maureen P. Kelly

Capital One Financial Corp.

Capital One Bank NA (USA)

Capital One NA, Defendants

PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD REPLY BRIEF

1. Plaintiff answers the third reply brief which raises the same issues as the first two. It is harassment and in violation of the rules.

2. The material fact issues are these:

   A. Plaintiff had an HSBC account; which went into default; and was settled in full several years prior to the purchase by Financial.

   B. Capital One Financial purchased Plaintiff's account, which did not exist at the time of purchase; and Financial transferred Plaintiff's account to each of the banking entities; and each banking entity reported to a separate (two) credit reporting agencies.

   C. Capital One banking entities began reporting to credit reporting agencies because they claim that they bought an account with a balance; that the balance gave them the right to report.

   D. In fact, Financial had bought nothing more than records of a once existing account; which no longer existed at the time of purchase.

   E. Neither of the Capital One banking entities performed any investigation as required by law.

   F. Neither of the Capital One banking entities reported the date of default as mandated by the FCRA.

   G. Each of the banking entities breached their duty to correct the erroneous information.

   H. Capital One Financial made no provision for accounts which had been discharged in bankruptcy; or settled in full; prior to the purchase. And, Capital One Financial; and each of the banking entities signed a consent agreement, with the CFPB; and paid a hefty fine, for collecting on accounts of service members; after excluding such accounts from the purchase agreement.

   I. In short, Capital One Financial created the problem; the banking entities compounded the problem; and none of the defendants conducted any investigation either prior to purchase; or after receiving disputes.

3. Neither of the banking entities has conducted an investigation as mandated by 15 USC 1681 S2b

4. Both of the banking entities breached their duty to correct erroneous information mandated by 15 USC 1681 S 2 (2)

5. Neither of the banking entities reported the mandatory date of default mandated by 15 USC 1692 A5a

6. Defendants cite Spokeo, in an attempt to mislead this Court. Spokeo deals with class action suits; and holds that all class members must show some concrete injury; in addition to statutory violations. Spokeo does not apply in the instant case.

7. Defendants continue to present "facts" which are not facts; theories which are not based in fact; a bogus affidavit masquerading as fact; misstating case law; as is this third filing which is nothing more than mud- slinging- hoping something will stick; citing in earlier filed documents, that which they deny in later filed documents.

8. Plaintiff cannot; and will not, respond to false filings; which are unsupported; and fly in the face of existing documents and evidence of record- simply because the defendants have run out theories.

9. Defendants cite the Scott case which has nothing to do with Plaintiff's case. The Scott case involves an application of the Dodd-Frank Act in the litigation of a defaulted credit card debt. Per Dodd-Frank the seller of defaulted debt must retain ownership of at least 5% of the amount. <u>In the instant case- 5% of zero is zero.</u>

10. Plaintiff's, of record response simply notices the Court that in the collection of defaulted credit card balances, Capital One entities are in fact debt collectors. And, that a debt collector reporting a non-existent debt to a credit reporting agency; in fact violates the FCRA.

11. The matter of the affidavit has already been addressed prior filings; the defendants, however, raise it again; attempting to have hearsay admitted as evidence.

12. Plaintiff admits that he was unaware of the Scott case; and the Dodd-Frank requirements. But the defendants have still not presented any Pooling and Servicing Agreement which would establish the actual ownership of any account.

13. Defendants claim that actual ownership can continue up to seven years- however, defendants again attempt to mislead the court inti believing that Capital One could report; when the actual owner was HSBC.

14. Capital One did not own any account of the Plaintiff. Plaintiff's account had been settled in full. Capital One simply bought records, which evidenced an account which no longer existed; and are attempting to claim that these records gave them the right to report to a credit reporting agency- which it clearly does not.

15. Defendants continue to cite the "Tauro Account"; when in fact, there was no account to collect. Records of the past account-do not qualify as a defaulted account; with a collectable balance. Quite literally, Capital One does not what they bought. And, had they effected the mandatory investigation they would have known that they did not buy any account which could be reported to any credit reporting agency; that they did not know, or report the default date; and breached their duty to correct the error/

16. Instead of the mandatory investigations ;and reporting requirements; the Capital One entities rolled out the corporate hubris.

Wherefore:

1. Based upon the facts and law cited above; the Plaintiff has proven all claims; and should be granted Summary Judgment.

2. Plaintiff also moves the Court to halt defendant's continuous filing of the same pleadings and theories which were not viable the first time.

Respectfully Submitted,

/s/ John J. Tauro