IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. TAURO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1136 |
| | ) | Chief Judge Joy Flowers Conti/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| CAPITAL ONE FINANCIAL | ) | |
| CORPORATION, CAPITAL ONE NA, | ) | Re: ECF Nos. 42 and 45 |
| CAPITAL ONE BANK NA (USA) | ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

Presently before the Court are two Motions for Summary Judgment: one filed by Plaintiff

John J. Tauro ("Plaintiff"), ECF No. 42; and one filed by Defendants Capital One Financial

Corporation ("Capital One Financial"), Capital One NA ("CONA") and Capital One Bank NA

(USA)("Capital One Bank") (collectively, "Defendants"), ECF No. 45.

For the following reasons, it is respectfully recommended that Plaintiff's Motion for

Summary Judgment, ECF No. 42, be denied and that Defendants' Motion for Summary

Judgment, ECF No. 45, be granted.

### II.    REPORT

#### A.     FACTUAL AND PROCEDURAL BACKGROUND

Proceeding *pro se*, Plaintiff filed his First Amended Complaint ("the Complaint") on

December 24, 2015. ECF No. 21. Therein, he asserted four counts alleging violations of the

Fair Credit Reporting Act ("the Act"). Id. Defendants filed Answers and Affirmative Defenses

thereto on March 9, 2016. ECF Nos. 33-35.

On April 1, 2016, Plaintiff filed a Motion for Summary Judgment and brief in support thereof. ECF Nos. 37-38. On April 4, 2016, this Court entered an Order striking that Motion for Summary Judgment for failure to comply with Local Rule 56. ECF No. 40. Thereafter, Plaintiff filed the instant Motion for Summary Judgment and supporting documents on April 4, 2016. ECF Nos. 42-44. Defendants filed a Brief in opposition thereto on May 27, 2016. ECF No. 51.

Defendants filed their Motion for Summary Judgment and supporting documents on April 29, 2016. ECF Nos. 45-48. Plaintiff filed a Brief in opposition thereto on May 4, 2016. ECF No. 50. Defendants filed a Reply Brief and a Reply to Facts on June 6, 2016. ECF Nos. 56-57. Plaintiff filed a Response thereto on June 6, 2016. ECF No. 58.

The Motions for Summary Judgment are ripe for consideration.

## B.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991). When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. EEOC v. Allstate Ins., 778 F.3d 444, 448 (3d Cir. 2015).

In order to avoid summary judgment, a party must produce evidence to show the existence of every element essential to the case that it bears the burden of proving at trial; "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the nonmoving party fails to make a sufficient showing on any essential element of its case, the moving party is entitled to judgment as a matter of law. Id.

## C. DISCUSSION

### 1. Plaintiff's Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment on all four counts of the Complaint and the documents in support thereof are inadequate. The Court first notes that pro se litigants are traditionally given leeway in the technical application of the rules of pleading and procedure. Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 648 (E.D. Pa. 2010) (citing Tabron v. Grace, 6 F.3d. 147, 153 n.2 (3d Cir. 1994)). Nonetheless, all parties must follow the applicable rules of civil procedure. Byrne, 684 F. Supp. 2d at 648. The Court further notes that Plaintiff is an experienced litigant in this Court. See, e.g., Tauro v. Direct Energy LP, Civ. A. No. 14-816; Tauro v. Convergent Outsourcing, Inc., Civ. A. No. 14-761; Tauro v. Waalkes, Civ. A. No. 13-1531; Tauro v. Asset Acceptance, Civ. A. No. 12-418. Finally, the Court notes that Plaintiff was given specific notice of the applicability of Local Rule 56 when his first Motion for Summary Judgment was dismissed for noncompliance therewith. ECF No. 40.

Despite this Court's specific notice to Plaintiff of the required compliance with Local Rule 56, he failed to so comply. As required by Local Rule 56.B.1, Plaintiff submitted a Concise Statement of Material Facts, ECF No. 44, but in violation of this rule, Plaintiff largely (with respect to 18 out of 21 "facts") fails to "cite to a particular pleading, deposition, answer to

3

interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact." Further, although Local Rule 56.B.2 requires the memorandum in support of a motion for summary judgment to "address applicable law," Plaintiff's Brief in support of his Motion for Summary Judgment fails to address any applicable law (save for one incomplete citation to a case). ECF No. 43. Due to Plaintiff's failure to comply with Local Rule 56 and Federal Rule of Civil Procedure 56(c)(1) (requiring support for factual positions), this Court's grant of his Motion for Summary Judgment would not only be unfair,[1] but impossible. Plaintiff has simply provided no basis on which the Motion for Summary Judgment could be granted. Therefore, it is recommended that Plaintiff's Motion for Summary Judgment, ECF No. 42, be denied.

### 2.    Defendants' Motion for Summary Judgment

#### a.    Count I

Plaintiff's lawsuit is based on allegations that he observed information on his credit reports which was erroneously reported by Defendants and then inadequately investigated by Defendants when Plaintiff disputed the information. ECF No. 21 ¶¶ 1-17. In Count I, Plaintiff raises a claim pursuant to 15 U.S.C. § 1681s-2(b),[2] alleging that Defendants failed to conduct a reasonable investigation of his dispute and continued to report inaccurate information after notification that the information was inaccurate. ECF No. 21 ¶ 19.

---

[1]  Defendants have objected to Plaintiff's failures to comply with the rules. ECF No. 51; ECF No. 52 at 1 n.1.

[2]  Section 1681s-2(b) provides, in pertinent part:

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

   (A) conduct an investigation with respect to the disputed information;

   (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

   (C) report the results of the investigation to the consumer reporting agency . . ..

4

Defendants move for summary judgment on multiple grounds: (1) Defendants Capital One Financial and CONA have never reported on Plaintiff's account; and (2) Plaintiff has no evidence as to a violation of Section 1681s-2(b) - specifically, the reasonableness of the investigation or any reported inaccuracy. ECF No. 46 at 5-6, 8-12. Further, in Defendants' Reply Brief in Support of their Motion for Summary Judgment, Defendants argue that they are entitled to summary judgment based solely on Plaintiff's failure to establish a genuine issue of material fact due to his failure to respond to Defendant's Concise Statement of Material Facts. ECF No. 56 at 1-2.

Again, Plaintiff's failure to comply with the applicable rules of civil procedure merits a finding against him. In support of their Motion for Summary Judgment, Defendants file a Concise Statement of Material Facts. ECF No. 47. Plaintiff failed to comply with Local Rule 56.1(C)(1) and file a responsive statement of material facts denying or admitting each of the numbered paragraphs in Defendants' Concise Statement of Material Facts and the basis for any denial. Accordingly, the Court deems the Defendants' Concise Statement of Material Facts admitted by Plaintiff.[3] LCvR 56.E; Brown v. Lemasters, Civ. A. No. 07-1105, 2009 U.S. Dist. LEXIS 82341, at *17 (W.D. Pa. Sept. 10, 2009). Therefore, there are no disputed issues of material fact.

Further, Defendants are entitled to judgment as a matter of law on Count I. As to Defendants Capital One Financial and CONA, the duties set forth in Section 1681s-2(b) apply only to entities that furnish information to consumer reporting agencies. 15 U.S.C. § 1681s-2(b); SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 357-58 (3d Cir. 2011). Neither Capital

---

[3] Plaintiff did include a section entitled "Undisputed Facts of this Case," at the conclusion of his Reply Brief to Defendants' Motion for Summary Judgment, ECF No. 50 at 4; however, this section is not responsive to Defendants' Concise Statement of Material Facts and is largely unsupported by citation to the record. In short, it does not aid Plaintiff in his opposition to Defendants' Motion for Summary Judgment.

One Financial nor CONA furnished information as to Plaintiff. ECF No. 47 ¶ 17. Accordingly, these Defendants are entitled to judgment as a matter of law on Count I.

As to Defendant Capital One Bank, it is Plaintiff's burden to show that, as a furnisher of information to a reporting agency, Capital One Bank's post-dispute investigation into Plaintiff's disputed claim was not reasonable. Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014). As discussed above, Plaintiff has not provided any evidence to support his claim. Further, the undisputed facts show that upon receipt of Plaintiff's claims, Capital One Bank followed its established procedure, verified the accuracy of the furnished information and reported its findings back to the reporting agencies. ECF No. 47 ¶¶ 25, 26, 28. On these bases, Capital One Bank is also entitled to judgment as a matter of law on Count I.

### b.   Counts II-IV

In Counts II, III and IV of the Complaint, Plaintiff raises claims under 15 U.S.C. § 1681s-2(a).4 No enforcement of this section is available to private citizens like Plaintiff. SimmsParris v. Countrywide Fin. Corp., 652 at 358 (3d Cir. 2011) (citing 15 U.S.C. § 1681s-2(c) (providing that 15 U.S.C. §§ 1681n and o, the sources of civil liability for negligent noncompliance with the Act, do not apply to Section 1681s-2(a))). Accordingly, Defendants are entitled to judgment as a matter of law on Counts II, III and IV.

Therefore, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 42, be granted.

## D.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Summary Judgment, ECF No. 42, be denied and that Defendants' Motion for Summary Judgment, ECF No. 45, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: October 26, 2016

cc:    All counsel of record via CM/ECF

---

[4]  Specifically, Count II is brought pursuant to Section 1681s-2(a)(2), ECF No. 21 ¶¶ 20-21 (mislabeled as "15 USC 1681 s 2 (2)"); Counts III and IV are brought pursuant to Section 1681s-2(a)(5)(A).  ECF No. 21 ¶¶ 22-25 (mislabeled as "15 USC 1681 (a) 5 (a)").