IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

John J. Tauro, Plaintiff                                                                 No. 15- 1136

       v.                                                                                        United States District Judge

                                                                      Hon. Joy Flowers Conti

                                                                        United States Magistrate Judge

                                                                        Hon. Maureen P. Kelly

Capital One Financial Corp.

Capital One Bank NA (USA)

Capital One NA, Defendants

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE

1. First and foremast, the R&R does not comply with the Rule 56; and LR 56- it is a nullity. The defendants cite the new rule LR 56; which was not in effect at the time of the filing. Further, it is unclear which version was used by the court to determine the R&R findings. At the very least, plaintiff should have been given the opportunity to correct any deficiencies which may have existed after the new rule took effect; but did not exist at the time of the filing of plaintiff's Motion for Summary Judgment. Plaintiff was never afforded such an opportunity.

2. The defendant's response is simply a parroting of the R&R; while the R&R is a simply a selective parroting of defendant's pleadings; without regard for the, of record, evidence.

3. It is still unclear; the meaning of the R&R finding, that plaintiff did not comply with the Local Rule 56. As stated in Plaintiff's objections ( Doc. 62), there was an error as to the format of the

filing; which was corrected; but there is no other document, of record, describing the " fatal flaw" described by the R&R ;and parroted in the defendant's response.

4. Defendants continue to argue that both CONA and Financial should be removed from the case as having no involvement in the case; but defendant's own evidence shows otherwise; as discussed in Document 62.

5. Defendants argue that plaintiff has failed to file a statement responding to defendant's concise statement of material facts. In fact, plaintiff did file such a statement; and argued the best that could be argued; since the defendants were arguing a debt collection case; when there was none. Defendant's summary judgment motion should have been stricken as not addressing the issues within the four corners of the complaint; but was instead was accepted in a complete misapprehension of the facts and law surrounding the case.

6. The R&R, in addition to not following the Rule; failed to apprehend the actual nature of the case. The, of record, evidence clearly shows that defendants failed to conduct any investigation of plaintiff's disputes; and continued to report to the CRAs when there was nothing to report. Then claimed that they bought a balance- which allowed them to report to credit reporting agencies; while, in fact, reporting a zero balance. Defendants reported a balance; and no balance at the very same time.

7. The defendants argue that plaintiff has not produced any evidence to support his claims. However, the record contains defendants own pleadings; and evidence; which support plaintiff's claims. This evidence is not mentioned by the defendants in their response; nor is it mentioned in the R&R; but cited in plaintiff's Objections.

8. On page 4, the last unnumbered paragraph reads that CONA and Financial have never reported to any credit reporting agency. Plaintiff has never claimed that Financial ever reported to a CRA. However, defendant's, of record, evidence clearly shows that CONA, has, in fact, reported.

9. Plaintiff has always maintained the both CONA and COBNA were each reporting to different credit reporting agencies. The defendant's own pleadings, and evidence, show, that both were reporting; but R&R has completely disregarded, of record, evidence and arrived at an unjust decision.

10. Also, on page 4, the last unnumbered paragraph claims that "Capital One has submitted evidence in Doc 47; that <u>only</u> Capital One Bank USA NA; was reporting to any credit reporting agency. This was not true, then, nor is it true now. Defendant's pleadings in earlier documents (as described in plaintiff's Objections), clearly shows that both CONA and COBNA were each reporting to different reporting agencies.

11. Finally, on page 5, the second unnumbered paragraph, claims that Capital One Bank "followed its typical procedures" in responding to plaintiff's disputes. The record, however, shows precisely the opposite. Even a perfunctory investigation would have revealed that both banks were reporting- each to a different credit reporting agency. In fact, no investigation was ever performed.in spite of five disputes to each CRA and a direct dispute to the furnishers- each of the Capital One banks. Further, neither Capital One banking entity has ever sent the results of any investigation to either of the credit reporting agencies; or to the plaintiff.

12. Both the record; and defendant's own pleadings, clearly show the existence of material fact issues; any one of which, would preclude any finding of summary judgment in favor of the defendants. Even though the R&R unjustly excludes plaintiff's evidence; there is ample evidence produced by the defendants which support plaintiff's claims.

<u>SUMMARY</u>

13. The R&R, does not comply with the Rules, is a nullity; and cannot stand.

14. No investigation was ever effected by either CONA, or COBNA.

15. Capital One Financial purchased the <u>records</u> of a once existing account; which did not exist at time of the Capital One Financial purchase; then passed the nonexistent account to each of its subsidiary banks; who each began to report to different CRAs. Neither banking entity ever performed any investigation into plaintiff's disputes.

CONCLUSION

For the reasons stated above, plaintiff moves the court to strike the Report and Recommendation; and disregard the filings of the Capital One entities seeking to be dismissed from the case. Plaintiff, further moves the Court to disregard the defendants Motion for Summary Judgment as it addresses matters outside the four corners of the complaint; and plaintiff moves the Court to schedule the above numbered matter for jury trial.

Respectfully Submitted,

/s/John J. Tauro