IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN J. TAURO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1136 |
| | ) | Chief Judge Joy Flowers Conti/ |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| CAPITAL ONE FINANCIAL | ) | |
| CORPORATION, CAPITAL ONE NA, | ) | Re: ECF Nos. 42 and 45 |
| CAPITAL ONE BANK NA (USA) | ) | |
| | ) | |
| Defendants. | | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge

### I. Introduction

Presently before the court are objections to the magistrate judge's Report and Recommendation (ECF No. 62) and a Reply to Defendant's Response (ECF No. 64) filed by plaintiff John Tauro ("plaintiff"). Plaintiff raises several objections to the Report and Recommendation filed by the magistrate judge on October 26, 2016. (ECF No. 61.)

As set forth below, this court finds that plaintiff's objections are without merit. For this reason, plaintiff's objections are denied and the magistrate judge's Report and Recommendation will be adopted.

### II. Background

On December 24, 2015, Plaintiff filed his first amended complaint (the "complaint") against defendants Capital One Financial Corporation ("Capital One Financial"), Capital One NA ("CONA"), and Capital One Bank NA (USA) ("COBNA") (collectively "defendants") (ECF No. 21.) On March 9, 2016, defendants filed answers and affirmative defenses. (ECF No. 33–35.)

1

On April 1, 2016, plaintiff filed a motion for summary judgment and accompanying brief. (ECF Nos. 37–38.) On April 4, 2016, this court entered an order striking that motion for failure to comply with Local Rule 56. (ECF No. 40.) On April 4, 2016, plaintiff filed the instant motion for summary judgment and supporting documents. (ECF Nos. 42–44.) On May 27, 2016, defendants filed a brief in opposition to plaintiff's motion for summary judgment. (ECF No. 51.)

On April 29, 2016, defendants filed their motion for summary judgment and supporting documents. (ECF Nos. 45–48.) On May 4, 2016, plaintiff filed a brief in opposition. (ECF No. 50.) On June 6, 2016, defendants filed a reply brief and a reply to facts. (ECF Nos. 56–57.) On June 6, 2016, plaintiff filed a response. (ECF No. 58.)

On October 26, 2016, Chief Magistrate Judge for the Western District of Pennsylvania, Maureen P. Kelly, issued a "Report and Recommendation" on the pending summary judgment motions. (ECF No. 61.) The magistrate judge recommended that plaintiff's motion for summary judgment be denied and that defendants' motion for summary judgment be granted. (Id.) On October 31, 2016, plaintiff filed objections to the Report and Recommendation. (ECF No. 62.) On November 14, 2016, defendants filed a response to plaintiff's objections. (ECF No. 63.) On November 15, 2016, plaintiff filed a response in opposition. (ECF No. 64.) This matter is now fully briefed and ripe for disposition.

### III. Discussion

On October 31, 2016, plaintiff filed a laundry list of objections to the magistrate judge's Report and Recommendation. The best the court can discern is that the plaintiff is objecting to the following:

A. the magistrate judge's characterization of Plaintiff as an "experienced litigant" and any heightened standards applied to Plaintiff as a result of this characterization (ECF No. 62 ¶ 4–5);

B. plaintiff was not notified about substantive changes to Local Rule 56 (ECF No. 62 ¶ 2; ECF No. 64 ¶ 1);

C. the magistrate judge did not consider the entire case file when making the determinations with respect to summary judgment (ECF No. 62 ¶ 7, 11, 13–14 ; ECF No. 64 ¶ 7, 12);

D. the Report and Recommendation erroneously treated this case as a "debt collection case" (ECF No. 62 ¶ 9; ECF No. 64 ¶ 5);

E. Capital One Financial and CONA are reporting agencies and, therefore, should not be dismissed from this case (ECF No. 62 ¶ 10–11, 26–28; ECF No. 64 ¶ 4, 9–10); and

F. defendants did not complete a reasonable investigation (ECF No. 62 ¶ 15–17; ECF No. 64 ¶ 6).

The court will address each of these objections in turn. To the extent plaintiff raises additional objections, those objections were adequately addressed by the magistrate judge in the Report and Recommendation and need not be addressed further.

### A. "Experienced Litigant"

Plaintiff objects to the magistrate judge's use of the term "experienced litigant" in the Report and Recommendation, and claims that he should not "be held to the same standard as a bar licensed attorney." (ECF No. 62 ¶ 4.) Plaintiff is correct that courts within the Third Circuit must liberally construe the pleadings of *pro se* litigants. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). All parties, including *pro se* litigants, however, "must nonetheless follow the Federal Rules of Civil Procedure." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 648 (E.D. Pa. 2010). Under this dual approach, a court can and must give a pro se litigant "leeway," particularly in terms of technical requirements, while still holding that litigant to the fundamental rules of civil procedure.

3

The record here provides no indication that the magistrate judge failed to provide plaintiff with the leeway required by the Third Circuit Court of Appeals. While plaintiff objects to being characterized as an "experienced litigant," it is undisputed that the instant action is the fifth case plaintiff has filed in the Western District of Pennsylvania, which shows that he is a frequent litigator in this court. This court understands the reference to an "experienced litigant" to mean a "frequent litigant." Even so, there is no indication from the record that the magistrate judge held plaintiff to a standard beyond that typically applied to *pro se* litigants. Plaintiff points to no instances, beyond his characterization in the Report and Recommendation as an "experienced litigant," wherein the court failed to provide him with the leeway due to *pro se* parties. In fact, plaintiff was provided an opportunity to submit a second summary judgment motion after the first motion was stricken for failure to comply with Local Rule 56. (ECF Nos. 39–41.)

All parties, including *pro se* parties, must meet minimum standards. The magistrate judge correctly identified and applied these standards in the Report and Recommendation.

**B. Local Rule 56**

In the Report and Recommendation, the magistrate judge determined that plaintiff failed to comply with Local Rule 56. Plaintiff previously was advised about the local rule when his first motion for summary judgment was stricken. (ECF Nos. 39, 40.) In the scheduling order for the instant motion the magistrate judge ordered that:

> 3) All Motions for Summary Judgment and Responses thereto shall comply with Local Rule 56. In addition, all references to evidence made in the parties' respective briefs shall be supported by citations directly to the record evidence included in the Appendix.

(ECF No. 41.)

Local Rule 56 requires that a motion for summary judgment contain a concise statement of material facts with citations to the record. LCvR 56 (2016). It also requires that an opposition to a motion for summary judgment include a responsive statement of material facts admitting or denying each fact in the opposing party's statement of facts and the basis for any denials. Id. The magistrate judge noted that plaintiff did not "cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact," for nearly all material facts contained in his motion for summary judgment, and that he was, therefore, in violation of Local Rule 56.B.1. (ECF No. 61.) The magistrate judge also determined that "[p]laintiff failed to comply with Local Rule 56.1(C)(1) and file a responsive statement of material facts denying or admitting each of the numbered paragraphs in Defendants' Concise Statement of Material Facts and the basis for any denial." (Id.)

Plaintiff makes three separate objections regarding the magistrate judge's determination that he failed to comply with Local Rule 56. In his objections to the report and recommendation, plaintiff argues that that he "believed that he had complied with [Local Rule] 56; and was never noticed otherwise." (ECF No. 62 ¶ 5.) Plaintiff alternatively argues that "the only notice [he] was given was as to the filing format." (Id. ¶ 4.) In his reply to defendants' response, plaintiff raises the additional claim that defendants cite the new Local Rule 56, which was not in effect at the time of plaintiff's filing, and that it is not clear which version of this rule the magistrate judge used when making its determinations. (ECF No. 64 ¶ 1.) Plaintiff claims that given the change to the rule, he should have been provided with an opportunity to remedy any defects in his pleadings, particularly those defects which may have been a result of the changes to the rule. (Id.)

With respect to plaintiff's first argument, it is clear from the docket that plaintiff received adequate notice that he did not comply with Local Rule 56 with respect to his first motion for

summary judgment. (ECF No. 40) ("ORDER STRIKING 37 Motion for Summary Judgment for failure to comply with the requirements of Local Rule 56."). He also received the scheduling order, directing him to comply with the local rule. (ECF No. 41.)

With respect to plaintiff's second argument, there is no evidence on the record suggesting that the court's order striking plaintiff's first motion for summary judgment for failure to comply with Local Rule 56 was limited to the filing format. Indeed, following the magistrate judge's order striking plaintiff's first motion for summary judgement, plaintiff for the first time submitted a concise statement of material facts (ECF No. 47), which undercuts his argument that the only notice he was given with respect to the error in his original motion involved the filing format.

Finally, with respect to plaintiff's third argument regarding the new version of Local Rule 56, while Plaintiff is correct that the Local Rules of United States District Court for the Western District of Pennsylvania were recently updated, these revisions went into effect *after* the magistrate judge issued her Report and Recommendation. Plaintiff filed his original motion for summary judgment on April 4, 2016. (ECF No. 37.) The magistrate judge issued the Report and Recommendation on October 26, 2016. (ECF No. 61.) The Local Rules were updated on November 1, 2016. *See* LCvR 56 (2016). No changes were made to the Local Rules between the time plaintiff filed his motion and the date the magistrate judge issued the Report and recommendation. *See* LCvR 56 (2016). Thus, plaintiff's argument that "it is unclear which version was used by the court to determine the R&R findings," is without merit. Additionally, based on a review of the previous version of the Local Rules and the November 1, 2016 version, there were no changes made to Local Rule 56 in the most recent version, and plaintiff points to no specific changes. *Compare* LCvR 56 (2016), *with* LCvR 56 (2013). It is, therefore, not clear to the court how plaintiff intends to remedy the deficiencies in his motion in light of the recent changes to

Local Rule 56, given that no changes were made to this rule since he filed his motion for summary judgment.

Because plaintiff's objections with respect to Local Rule 56 are without merit, the court finds no basis to reject the Report and Recommendation on these grounds.

### C. The magistrate judge's consideration of the entire record

Plaintiff claims that the magistrate judge should have considered the entire case file when making determinations with respect to the motions for summary judgment, rather than relying on the facts as pleaded in the briefings. (ECF No. 62 ¶ 7, 11, 13–14 ; ECF No. 64 ¶ 7, 12.) Plaintiff is mistaken in this assumption.

"In reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the evidentiary record to which the nonmoving party directs its attention." Dunbar v. Barone, Civ. Action No. 09-245, 2012 WL 259982, at *3 (W.D. Pa. Jan. 27, 2012), aff'd, 487 F. App'x 721 (3d Cir. 2012); *see* L.S. Heath & Son, Inc. v. AT & T Info. Sys., Inc., 9 F.3d 561, 567 (7th Cir. 1993), as amended on denial of reh'g (Dec. 8, 1993) abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014) ("[A] district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment. Instead, the court can rely upon the non-moving party to show such a dispute if one exists."); *see also* Brown v. Flowers, 196 F. App'x 178, 182 (4th Cir. 2006) (finding that the district court had no duty to consider specific evidence on the record for the purposes of the defendant's summary judgment motion where the plaintiff failed to put the court on notice that it should consider that evidence); Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002) (citing decisions from the Fifth, Sixth, and Ninth Circuit Courts of Appeals to support their finding "that Fed.R.Civ.P. 56

does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); United States v. City of Hoboken, 675 F. Supp. 189 (D.N.J. 1987) (holding that once the moving party meets initial burden on summary judgment, nonmoving party must set forth specific facts showing a genuine issue or the factual record will be taken as presented by moving party).

The magistrate judge acted appropriately in relying on the facts set forth in the parties' summary judgment motions and the accompanying briefings. Plaintiff's objection that the magistrate judge should have examined the entire record when making determinations with respect to the parties' motions for summary judgment is, therefore, overruled.

**D.  Treatment as a "debt collection case"**

Plaintiff objects to the Report and Recommendation on the ground that the magistrate judge erroneously treated this case as a "debt collection case." (ECF No. 62 ¶ 9; ECF No. 64 ¶ 5.) This court thoroughly reviewed the magistrate judge's Report and Recommendation and found nothing that supports plaintiff's assertion that the magistrate judge considered this case a collection action. The magistrate judge repeatedly identified this case as one concerning reporting violations of the Fair Credit Reporting Act. (ECF No. 61 at 1, 4–6.) At no point in the Report and Recommendation did the magistrate judge make reference to a "collection activity" or to an amount of money to be collected.

The magistrate judge did not erroneously treat this action as a debt collection case.

8

**E. Reporting Agencies**

The magistrate judge determined that "the duties set forth in Section 1681s-2(b) apply only to entities that furnish information to consumer reporting agencies" ("CRAs") and that because neither Capital One Financial nor CONA engaged in such reporting with respect to plaintiff's information these entities were entitled to judgment as a matter of law on Count I. (ECF No. 61 at 5–6.) Plaintiff objects to the magistrate judge's conclusion that CONA did not furnish information about his account to CRAs. (ECF No. 62 ¶ 10–11, 26–28; ECF No. 64 ¶ 4, 9–10.)[1]

Defendants provided evidence in their concise statement of material facts that Capital One Bank was the only entity reporting on plaintiff's account. (ECF No. 47 ¶ 17.) Plaintiff disagrees with this characterization and claims at multiple places in his objections to the report and recommendation (ECF No. 62) and his reply to defendant's response (ECF No. 64) that CONA did in fact report to the CRAs. Plaintiff points to the record in vague and generalized terms to support this claim. (ECF No. 62 ¶ 11, 26, 28; ECF No. 64 ¶ 4, 9–10.) In only one place in either of these documents does plaintiff cite to a particular pleading, deposition, answer to an interrogatory, admission on file, or other part of the record to support his claim that CONA reported his information to a CRA. In plaintiff's objections to the report and recommendation, he cites to defendant's answer and affirmative defenses (ECF No. 62 ¶ 27). In their answer defendants stated that, "upon information and belief, any reporting of Plaintiff's account would have been done by Capital One, N.A." (ECF No. 8 at 2, ¶ 8.)

---

[1] The magistrate judge concluded that Capital One Financial was entitled to judgment as a matter of law on the same ground. Plaintiff does not appear to object to this recommendation. (ECF No. 62 ¶ 26.) ("The R&R states that Capital One financial and CONA did not furnish information to the CRAs . . . Financial does not report to CRAs.")

After filing this answer, defendants were granted leave to file amended answers and affirmative defenses. (ECF No. 32.) In their amended answers, Capital One Financial and CONA both stated that "upon information and belief, any reporting and/or verification of Plaintiff's account would have been done by Capital One *Bank* (USA), N.A" (ECF No. 33 at 2–3, ¶ 7; ECF No. 34 at 2, ¶ 7) (emphasis added). COBNA stated in its amended answer that "it conducted a reasonable investigation into the disputes it received from Experian and TransUnion and that it reported the results of its investigation accordingly." (ECF No. 35 at 3, ¶ 7.) Defendants recognized that their original answer mistakenly stated that CONA reported on plaintiff's account, and amended all subsequent pleadings and information to reflect that COBNA, not CONA, was the sole entity involved in reporting plaintiff's financial information to CRAs. (ECF No. 47 ¶ 17; ECF No. 63 at 4, n. 2.)

Plaintiff's citation to defendants' original answer – which defendants later amended – does not sustain plaintiff's otherwise unsupported contention that CONA was involved in reporting his financial information to CRAs. This court finds that because plaintiff cited no evidence from the record in his pending objections, beyond a single citation which defendants previously revised, the magistrate judge correctly concluded that the record reflected CONA was not a reporting entity and was, therefore, entitled to judgment as a matter of law on Count I.

### F. COBNA's Investigation

Plaintiff claims that the actions taken by COBNA were insufficient to constitute a reasonable investigation. The best the court can discern is that plaintiff feels COBNA's investigation was unreasonable because it did not reveal information which plaintiff believes a reasonable investigation would have revealed. (ECF No. 62 ¶ 17.)

The magistrate judge correctly stated that the burden is on plaintiff to show that COBNA's post-dispute investigation into plaintiff's claim was not reasonable. (ECF No. 61 at 6.) Plaintiff did not meet this burden. This court agrees with the magistrate judge that based upon defendants' undisputed concise statement of material facts, "COBNA followed its established procedure, verified the accuracy of the furnished information and reported its findings back to the reporting agencies." (Id.; *see* ECF No. 47 25–28.)While plaintiff may have hoped or believed that COBNA's investigation would have turned up certain information about his account, including the specific information he lists in his objections to the report and recommendation, he provided no evidence or case law to support his contention that a reasonable investigation would have included this information.[2]

This court finds concludes that the magistrate judge's finding that COBNA is entitled to judgment as a matter of law on Count I is correct.

**IV. Conclusion**

For the foregoing reasons, this court overrules plaintiff's objections to the Recommendation and Report issued by the magistrate judge because they are without merit and will adopt the magistrate judge's Report and Recommendation.

An appropriate order will be entered.

---

[2] To the extent plaintiff claims there is a dispute about whether a balance exists on his reported account (*see* ECF No. 62, ¶ 17), there is not. The account was reported at TransUnion as "account paid in full; was a charge-off." (ECF No. 48-7 at 2.) The account was reported at Experian as "[p]aid in settlement," with a comment "[a]ccount paid in full for less than full balance." (ECF No 48-6 at 2.) Plaintiff admitted "that the account was settled in full for an agreed upon amount; but the so called 'true balance' has never been determined." (ECF No. 48-1 at 11.) No dispute exists with respect to an outstanding balance on his reported account.

Dated: December 22, 2016                    /s/ Joy Flowers Conti
                                            Joy Flowers Conti
                                            Chief United States District Judge